573 A.2d 77

**STATE of Maryland**

v.

**James COOK, Walter Worley aka Troy Keith aka "Butch," Ronald Wilson aka Robert Lee Taylor, Jr.**

**No. 1243, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

May 7, 1990.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellant.

M. Gordon Tayback, Baltimore, for appellees.

Argued before BISHOP, BLOOM and ROBERT M. BELL, JJ.

BLOOM, Judge.

Appellees, James Cook, Walter (Butch) Worley, and Donald Wilson, alias Robert Lee Taylor Jr., and a fourth person, Dorothy Patterson, were charged by criminal information with various violations of Maryland's controlled dangerous substances laws. Upon oral motion, the Circuit Court for Baltimore City (Bothe, J.) dismissed the charges for the State's failure to bring the defendants to trial on them within the 180–day time limit prescribed by Md.Ann.Code, art. 27, § 591 (1957, 1987 Repl.Vol.), and Md. Rule 4–271(a)(1). The State appealed the dismissal of the charges, as it is permitted to do by virtue of Md.Cts. & Jud.Proc. Code Ann., § 12–302(c)(1).

## Facts

The facts pertinent to this appeal are matters of record and are not in dispute. On 20 January 1989 an attorney entered her appearance for all the defendants, and the defendants were arraigned. Thus began the running of the 180–day period under Rule 4–271 and § 591 of art. 27; the 180th day was 19 July 1989. A trial was initially scheduled for 7 March 1989 but on that date was postponed for unavailability of a courtroom and for a conflict in the schedule of one of the defense counsel. A new trial date, 16 May 1989, was agreed upon by counsel but on that date the administrative judge's designee, Judge Angeletti, again postponed the case for unavailability of a courtroom and a conflict in one defense attorney's schedule. Trial was then set for 6 July 1989. On 6 July, counsel appeared in the assigned courtroom only to find another trial in progress before Judge Bothe. They waited until 5:00 p.m., at which time charges against Ms. Patterson were stetted. Judge Bothe instructed counsel to appear before Judge Angeletti the following morning. On 7 July, the 168th day since the first appearance of the defendants and their counsel, Judge Angeletti stated:

All these cases will stay on the move list. Counsel, stay very close at hand, and stay in contact with Ms. Henry.[1] Cases are going to trial as soon as the first court is available. The court will enter finding of good cause and place the cases on the move list.

On each of the postponement forms, on which was printed "GOOD CAUSE SHOWN FOR POSTPONEMENT," the word "Postponement" was crossed out and the letters "ML" inserted. Nothing further was done until 10 August 1989, when the cases were taken off the move list and assigned to a court. On 11 August, appellees appeared before Judge Bothe and orally moved for dismissal. Their motions were granted and this appeal followed.

### The Statute and the Rule

As amended by Chap. 222, Laws of 1987, article 27, § 591, titled "Trial date," now provides:

(a) The date for trial of a criminal matter in a circuit court:

(1) Shall be set within 30 days after the earlier of:

(i) The appearance of counsel; or

(ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and

(2) May not be later than 180 days after the earlier of those events.

(b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.

(c) The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts.

Prior to that amendment, what is now subsection (b) was a provision that the date established for the trial of the

---

1. Patricia Henry, of the Assignment Office of the Court, manages the move list.

matter "shall not be postponed except for good cause shown [2] by the moving party and only with the permission of the administrative judge of the court when the matter is pending."

The procedural rule implementing the statute, Rule 4–271, provides, in pertinent part, as follows:

(a) **Trial Date in Circuit Court.**—(1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events.... On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

## Discussion

In *State v. Hicks*, 285 Md. 310, 403 A.2d 356, *on motion for reconsideration*, 285 Md. 334, 335, 403 A.2d 356 (1979), the Court of Appeals held that ordinarily the appropriate sanction for violation of the 180–day (then 120–day) rule was dismissal of the indictment. In *State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984), the Court held that to a judge hearing a motion to dismiss, in determining whether there was a violation of the 180–day rule or whether there was a postponement for good cause in accordance with the rule, the critical order by the administrative judge is the order that has the effect of extending the trial date beyond 180 days. And in *Rosenbach v. State*, 314 Md. 473, 551 A.2d 460 (1989), the Court explained that the statute and the rule do not require the administrative judge or his or her designee to make a specific finding that the postponement will take the case beyond the 180–day limit or to postpone the trial to a specific future date. Setting a new date, therefore, may be left to an assignment clerk or commissioner. "It is enough that the postponement be

---

**2.** In the original enactment, "extraordinary cause."

made by the administrative judge or designee, that it be for good cause, and that there be no inordinate delay between the postponement and the eventual trial." 314 Md. at 480, 551 A.2d 460.

*Hicks* and *Frazier* were decided before the statute was amended in 1987; *Rosenbach* was decided after, but involved a case that had been tried before, the 1987 amendment. The Court noted that the 1987 amendment did not affect the issues before the Court in that case. 314 Md. at 475 n. 1, 551 A.2d 460.

We do not believe that the change in language, from "the date ... shall not be postponed except for good cause ..." to "for good cause shown, the county administrative judge ... may grant a change of ... date," was intended to effect any substantive change in the law. A postponement is a change of date; a change of date to a later date is a postponement. Despite the change in language, the holdings of *Hicks, Frazier,* and *Rosenbach* still apply. If there is a postponement by the county administrative judge or designee, for good cause, that results in the case being set for trial beyond the 180–day limit, the statute and the rule are not violated; if there is no postponement meeting those criteria, setting a trial date beyond the 180–day limit constitutes a violation of the statute and rule, for which dismissal is the appropriate remedy.

We are not concerned, therefore, with any of the postponements that occurred before 7 July 1989, since they played no part in taking the case beyond the 180–day limit. The issue before us on this appeal boils down to a single, simple question: Did Judge Angeletti's order of 7 July 1989, putting the case on the move list twelve days shy of the expiration of the 180–day limit, constitute a postponement or change of trial date that caused the trial date to be extended beyond the 180–day limit? The State argues that it was a good cause postponement or change of date; appellees contend that it was not. Judge Bothe ruled in favor of the appellees, and we agree with her ruling.

Judge Karwacki, formerly Administrative Judge of the Circuit Court for Baltimore City and now an Associate Judge of this Court, established the move list. His explanation of the move list is set forth in *State v. Frazier, supra,* together with the Court's comments on its purposes and workings. 298 Md. at 431–35, 470 A.2d 1269. We shall not here repeat that explanation or those comments. It is sufficient to note that the object of the move list is to expedite rather than postpone trials. If, because of over-scheduling, a given case cannot be reached on the assigned trial date, a case may be put on the move list to be tried, usually within a few days, by one of the "move courts" or the first available judge. If, in the opinion of the administrative judge, the case cannot be tried on the assigned trial date and cannot be accommodated on the move list, *i.e.,* cannot be reached within a day or two thereafter, the administrative judge will find "good cause" for a postponement, and a new trial date will be assigned. *Id.* at 433, 470 A.2d 1269.

It is apparent, then, that placing a case on the move list is not intended to be a postponement or change of date, but the equivalent of continuing the case in a "ready to try" status on a day-to-day basis. In the case *sub judice,* when it became apparent that keeping the case on the move list would not result in a trial within the 180–day limit (because one of the defense attorneys was engaged in another, lengthy trial), the State's Attorney should have referred the matter back to the administrative judge for a "good cause" postponement that would take the case beyond 180 days without violating the statute and rule.

### Summary

The case was originally set for trial well within 180 days from the first appearance in court of the defendants. That was in compliance with the statute and the rule. The postponements that resulted in eventually setting the trial for 6 July 1989 (the 167th day) did no violence to the rule. But when, without postponing the case again for good

cause, the court permitted it to languish on the move list beyond the 180th day, the statute and the rule were violated, and dismissal of the charges against appellees was the proper sanction for that violation.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.