472 A.2d 467

**STATE of Maryland**

v.

**William Robert HARRIS, Jr.**

No. 12, Sept. Term, 1984.

Court of Appeals of Maryland.

March 15, 1984.

Motion for Reconsideration Denied April 30, 1984.

**64**

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the petition), for appellant.

Alan H. Murrell, Public Defender and Dennis M. Henderson, Asst. Public Defender, Baltimore, for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

The issues in this case, like those in numerous opinions filed today, involve the application of Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, which require that circuit court criminal cases be tried within 180 days

from arraignment or the first appearance of counsel, unless the time is extended for "good cause" as provided in the statute and rule.

William Robert Harris, Jr., was indicted in the Circuit Court for Harford County for burglary and two other offenses. Harris was arraigned and his attorney's appearance was entered on July 17, 1981. Therefore, under § 591 and Rule 746, the 180-day period for trial expired on January 13, 1982.

The first scheduled trial date was September 10, 1981, but on September 10th the trial was postponed by the administrative judge because the defendant had elected a jury trial and no jury was available on that day. The next scheduled trial date was November 23, 1981. Again, on November 23rd, the administrative judge ordered a postponement of the trial "due to the unavailability of Judge or Jury to hear case."

Beginning on December 10, 1981, and continuing on December 14th, 15th, 16th and 17th, the administrative judge conducted a hearing, with extensive testimony and argument, on the defendant's motion to suppress evidence resulting from an allegedly illegal search of his automobile, an allegedly illegal search of his home, and a statement assertedly taken in violation of the defendant's rights under *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). At the conclusion of the hearing, the administrative judge decided that it was necessary to prepare a written opinion dealing with the suppression issues. A sixteen-page opinion, denying the motion to suppress, was filed on February 25, 1982.

The next scheduled trial date was March 8, 1982, which was beyond the 180-day period for trial prescribed by § 591 and Rule 746. The March 8th date was postponed by the administrative judge because the State was not prepared to call its witnesses. The reason for this is that both sides had agreed to proceed upon a stipulation of facts, but the defendant rescinded this agreement on March 8th. Trial

was held on April 7, 1982, at which time the trial judge denied the defendant's motion to dismiss based upon an asserted violation of § 591 and Rule 746. The jury on April 7th found the defendant guilty on all three charges; he was subsequently sentenced to twenty years for burglary, with shorter concurrent sentences on the other two counts.

The defendant appealed, making two contentions: (1) the charges should have been dismissed under § 591 and Rule 746; (2) the ruling upon the suppression motion was erroneous. The Court of Special Appeals reversed in an unreported opinion, holding that the case should have been dismissed for violation of § 591 and Rule 746. The appellate court expressed the view that the postponements of the September 10, 1981, and November 23, 1981, trial dates were not for "good cause" as required by § 591 and Rule 746. The Court of Special Appeals thus stated:

"If 88 days were required to adequately consider the suppression motion and reschedule the trial, then the suppression hearing could have been held as late as 18 October and appellant would have been brought to trial within 180 days after the appearance of counsel. The State had originally scheduled trial for 10 September but cancelled for administrative reasons. Hence the 180-day violation more directly stemmed from the administrative postponements than from the time required to adequately consider the suppression motion.

The question is, then, once a trial date has been set within the 180 days does the lack of jury or available courtroom constitute 'good cause' for postponement under Md.Rule 746 b. . . . If lack of jury or courtroom is 'good cause,' it is difficult to imagine what excuse the State could offer which would not constitute 'good cause.'"

In light of its holding under § 591 and Rule 746, the Court of Special Appeals did not reach the suppression matter.

We have granted the State's petition for a writ of certiorari and shall reverse.

■ Under our opinions, the only violations of § 591 and Rule 746 which call for the sanction of dismissal are those

which prevent the case from being tried within the statutory 180-day period. Thus the critical postponement of the trial in this case, for purposes of the dismissal sanction, is the postponement from November 23, 1981, to March 8, 1982. *State v. Frazier*, 298 Md. 422, 428, 470 A.2d 1269 (1984); *Farinholt v. State*, 299 Md. 32, 472 A.2d 452 (1984), filed today.

Section 591 and Rule 746 authorize a postponement of a trial, including a postponement beyond 180-days, if it is ordered by the administrative judge or his designee and if it is for "good cause." The postponement of the November 23rd trial date was ordered by the administrative judge. In *State v. Frazier, supra*, 298 Md. at 461, 470 A.2d 1269, we recently held that the unavailability of a court does not, as a matter of law, constitute a lack of good cause for postponement. Instead the test is whether the defendant has met the burden of establishing that the administrative judge's decision to postpone the trial date, and the length of delay until the new trial date, represent a clear abuse of discretion. *Frazier, id.* at 461–462, 470 A.2d 1269. Under the principles set forth in *Frazier*, the defendant in the present case did not meet this burden. Although the length of the delay from November 23rd to March 8th may be substantial, it is explained by the extensive proceedings and opinion on the suppression matter. Consequently, the motion to dismiss was properly denied by the trial court.

The case must be remanded to the Court of Special Appeals, however, for consideration of the suppression issue.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. RESPONDENT TO PAY COSTS.

DAVIDSON, Judge, dissenting:

I would affirm the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier*, 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).