472 A.2d 473

**Allen Edward HARPER**

**v.**

**STATE of Maryland.**

**No. 16, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 15, 1984.

Gary W. Christopher, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the petition), for appellant.

Ann E. Singleton, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the answer to petition), for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

This is another case involving Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, which require that a circuit court criminal case be tried within 180 days from arraignment or the first appearance of counsel unless the time is extended in accordance with the statute and rule.

The Petitioner, Allen Edward Harper, was indicted in the Criminal Court of Baltimore for two armed robberies and other offenses. He was arraigned on September 3, 1981,

and, therefore, the 180-day period for trial expired on March 2, 1982. The first assigned trial date was December 8, 1981, but this was postponed upon the State's motion. The basis for the State's motion was that Harper was in federal custody, in Lewisburg, Pennsylvania, having been convicted and sentenced on federal charges. On December 23, 1981, Harper signed and sent to the Criminal Court of Baltimore a request for the disposition of the indictment, pursuant to the Interstate Agreement on Detainers (hereinafter referred to as IAD).

Thereafter a new trial date of February 18, 1982, was assigned. Although Harper was present and both sides were prepared to try the case on February 18th, the case could not be reached because of the unavailability of a court. The attorneys appeared before Administrative Judge Karwacki on February 18th, and Judge Karwacki placed the case on the "move list." [1] The case was not called for trial, however, until fourteen days later, on March 4, 1982. This was two days beyond the 180-day period prescribed by § 591 and Rule 746.

The trial court on March 4, 1981, denied Harper's motion to dismiss under § 591 and Rule 746. The trial proceeded from March 4th through March 9th when the jury found Harper guilty of armed robbery and handgun offenses.

After sentencing, Harper appealed and the Court of Special Appeals affirmed in an unreported opinion. With respect to Harper's contention that the postponement of the February 18th trial date was unsupported by good cause, the Court of Special Appeals held that because Harper had invoked the IAD, the provisions of the IAD concerning the time for trial were applicable rather than the provisions of § 591 and Rule 746. The intermediate appellate court said: "We hold that when a defendant himself elects to demand 'a final disposition to be made of the indictment' against him, the time frame established by the IAD applies." The court

---

1. For an explanation of the "move list" in Baltimore City, *see State v. Frazier*, 298 Md. 422, 431–434, 470 A.2d 1269 (1984).

went on to state that when a defendant "makes a decision to invoke" the IAD, "[h]e has chosen to substitute for Rule 746 the time and dismissal provisions of the IAD. This is what happened here."

Harper then filed in this Court a petition for a writ of certiorari, challenging the Court of Special Appeals' holding concerning the effect of a defendant's invoking the IAD. Harper went on to contend that "[r]esolution of the [IAD] issue in Petitioner's favor will directly present the question of whether" the postponement of the February 18th trial date "because of congested dockets" is a postponement for good cause in compliance with § 591 and Rule 746.

We have granted the petition for a writ of certiorari and shall affirm. It is unnecessary for us in the present case to decide whether the time provisions of § 591 and Rule 746 remain applicable after a defendant has invoked the IAD.[2] Assuming arguendo that § 591 and Rule 746 are applicable in this situation, those provisions were complied with. The postponement of the trial date from February 18th to March 4th was done by the administrative judge upon a finding of good cause. As we held in *State v. Frazier,* 298 Md. 422, 461, 470 A.2d 1269 (1984), the unavailability of a court on the previously scheduled trial date does not constitute insufficient cause for a postponement as a matter of law. The pertinent question in this context is whether the defendant has demonstrated a clear abuse of discretion by the administrative judge in ordering the postponement. *Frazier,* 298 Md. at 461–462, 470 A.2d 1269. No such abuse of discretion has been shown here.

JUDGMENT AFFIRMED, WITH COSTS.

DAVIDSON, Judge, dissenting:

I would reverse the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).

---

**2.** *See* in this connection *State v. Hicks,* 285 Md. 310, 320, 403 A.2d 356 (1979).