551 A.2d 460

Peter J. ROSENBACH

v.

STATE of Maryland.

No. 91, Sept. Term, 1988.

Court of Appeals of Maryland.

Jan. 6, 1989.

Franklin M. Ward (Law Offices of Roger Louis Smith, both on brief), Glen Burnie, for appellant.

Gary E. Bair, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ADKINS, Judge.

In *State v. Hicks,* 285 Md. 310, 403 A.2d 356, *on motion for reconsideration,* 285 Md. 334, 403 A.2d 368 (1979), we considered Maryland Code (1957, 1976 Repl.Vol.) Article 27, § 591 and former Maryland Rule 746 (now, with some

changes, Rule 4–271(a)). We held that their provisions for bringing a criminal case to trial within a specified period were mandatory and that violation of those provisions would result in the dismissal of the case with prejudice. 285 Md. at 318, 403 A.2d at 360. We further held that to avoid that sanction any postponement beyond the specified period had to be authorized by an administrative judge or that judge's designee and could only be for "extraordinary" (now "good") cause.[1] *Id.*

Since *Hicks*, a considerable body of § 591/Rule 4–271 jurisprudence has developed, as the annotations to the statute and the rule attest. In this case we once again address

---

1. Article 27, § 591 provides:

§ 591. **Trial date.**

(a) The date for trial of a criminal matter in a circuit court:

(1) Shall be set within 30 days after the earlier of:

(i) The appearance of counsel; or

(ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and

(2) May not be later than 180 days after the earlier of those events.

(b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.

(c) The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts.

Maryland Rule 4–271(a) provides:

**Rule 4–271. TRIAL DATE**

(a) **Trial Date in Circuit Court.**—The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. When a case has been transferred from the District Court because of a demand for jury trial, and an appearance of counsel entered in the District Court was automatically entered in the circuit court pursuant to Rule 4–214(a), the date of the appearance of counsel for purposes of this Rule is the date the case was docketed in the circuit court. On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

We have set forth the statute and the rule in their present form. Both were amended effective after the trial in this case, but none of the amendments affects the issues before us.

aspects of that body of law. The case comes to us via four questions of law certified to us by the Court of Special Appeals pursuant to Rule 8–304(a) and accepted by us pursuant to Rule 8–304(c). The questions are:

1. When a judge postpones, within the prescribed 180 days, but delegates the assignment of a new trial date to Central Assignment [Office] (CAO) which assigns a trial date beyond the 180 day limit, does the original postponement qualify as a good cause postponement under Rule 4–271(a) and Md.Ann.Code art. 27, § 591?

2. Was the administrative judge of the Circuit Court for Baltimore City authorized to designate each judge sitting in misdemeanor court as [an] administrative [judge] for purposes of Rule 4–271(a) and Md.Ann.Code art. 27, § 591?

3. With respect to the administrative judge's delegation of power to designate other judges, what does Rule 1200 d 3 [2] mean as applied to the instant case?

4. Assuming, *arguendo*, that the instant case was improperly postponed, what is the appropriate sanction?

For reasons we shall shortly explain, we shall not address the last three questions. We shall, however, respond to the first one and in the context of the facts we now recount.

## I. Facts

On 16 October 1986 appellant Peter J. Rosenbach was charged with driving while intoxicated. His prayer for a jury trial moved the case from District Court to the Circuit Court for Baltimore City. Md.Code (1988 Cum.Supp.), Courts and Judicial Proceedings Article, § 4–302(e). Counsel for Rosenbach entered his appearance on 23 April 1987,

---

**2.** Maryland Rule 1200 d 3 provides:
  A County Administrative Judge, with the approval of his Circuit Administrative Judge, may delegate to any judge or to any committee of judges of his court, or to any officer or employee of such court, such of the responsibilities, duties and functions imposed upon him as he, in his discretion, shall deem necessary or desirable.

thus triggering the 180–day period during which trial had to commence under § 591 and Rule 4–271(a).

The first scheduled trial date was 15 July 1987. On that date Judge Joseph Pines, purporting to act as designee of the county administrative judge, postponed the trial because Rosenbach's probation officer was not available. The CAO reset the case for 26 August. On that date, Judge Mary Arabian, also purporting to act as the administrative judge's designee, postponed for want of a courtroom. She ordered the case reset through CAO. It was rescheduled for 12 November, outside the 180–day period.

When the case was called on 12 November, Rosenbach's lawyer moved to dismiss for noncompliance with § 591 and Rule 4–271(a). Judge Mabel Hubbard, purporting to act as the administrative judge's designee, denied the motion.[3] Rosenbach was thereupon tried, convicted, and sentenced.

## II. The First Certified Question

■ Rosenbach concedes that Judge Arabian's postponement was supported by good cause. *See, e.g., Pennington v. State,* 299 Md. 23, 29, 472 A.2d 447, 450 (1984) ("... the unavailability of a court ... does not ... as a matter of law, constitute insufficient cause for a postponement ..."); *State v. Frazier,* 298 Md. 422, 461–462, 470 A.2d 1269, 1289–1290 (1984) (same). That postponement is the critical one, for that postponement carried the case beyond the 180–day period. *See, e.g., State v. Harris,* 299 Md. 63, 66–67, 472 A.2d 467, 469 (1984); *Frazier* at 428, 470 A.2d at 1272.

It is Rosenbach's view that the requisite procedures were not followed because neither Judge Arabian nor any other judge took an active part in seeing that the case was rescheduled. His argument is that the postponement or-

---

**3.** Judge Hubbard was designated in a written order issued by the Hon. Joseph H.H. Kaplan, Circuit Administrative Judge of the Eighth Judicial Circuit, and by virtue of Md.Rule 1200 d 1, exercising all of the powers and duties of a county administrative judge. It appears that Judges Pines and Arabian were similarly designated.

dered by Judge Arabian did not carry the case beyond 180 days; rather, the CAO's failure to reset the case promptly caused that problem. According to him, the purpose of the statute and the rule is to require "dismissal of cases not tried within the 180 days that have not been postponed *properly.*" [Emphasis in original.] And a case can only be postponed *properly,* he continues, if the administrative judge or that judge's designee makes a specific determination that the postponement will necessarily carry the case beyond 180 days. Moreover, Rosenbach seems to say the postponing judge must assume active personal responsibility for resetting the case—this cannot be left to the CAO. We find these arguments to be meritless.

"The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days." *Frazier,* 298 Md. at 428, 470 A.2d at 1272. Further, our holding in *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982), illustrates that the postponing judge need not make a specific finding that the postponement will of necessity carry the case beyond the 180 days.

In *Goins* the county administrative judge signed an order granting the Department of Health and Mental Hygiene additional time to complete a report on the mental condition of the defendant. 293 Md. at 102–103, 442 A.2d at 553. The report was due two weeks beyond the 180–day period, but this was not provided for or mentioned in the order. *Id.* at 103, 442 A.2d at 553. In other words the "order necessarily had the effect of postponing the trial date beyond the 180–day limit...." *Id.* We held that

nothing in § 591 or Rule [4–271(a)] requires that the administrative judge specifically be conscious of the statute and rule. As long as the county administrative judge extends or approves of the extension of the trial date, and the order is supported by the necessary cause, the requirements and purposes of § 591 and Rule [4–271(a)] have been fulfilled.

*Id.* at 111–112, 442 A.2d at 557–558. *See also Carey v. State,* 299 Md. 17, 472 A.2d 444 (1984) (following *Goins* ).

Nor is it essential, under the statute and rule, that the postponing judge, at the time of postponement or thereafter, personally reset or cause the case to be reset for a particular date. It may be desirable to do this, and in some cases, it has been done. *See, e.g., Frazier,* 298 Md. at 438, 470 A.2d at 1277 (administrative judge took an active part in rescheduling case no. 95, *Weems* ). But the only prerequisite is that the administrative judge or that judge's designee find good cause. *Id.* at 426, 470 A.2d at 1271. Once that determination is made, the postponement is valid for purposes of the rule, subject only to the deferential review accorded the judge's good cause finding. *See, e.g., id.* at 454, 470 A.2d at 1286 (defendant has the "burden of demonstrating either a clear abuse of discretion or a lack of good cause as a matter of law").

Once that occurs, the question is no longer whether there was a postponement for good cause. The issue then becomes the length of the delay. A case postponed for good cause may yet run afoul of the statute and rule if, after a valid postponement, there is inordinate delay in bringing the case to trial. *See, e.g., State v. Bonev,* 299 Md. 79, 80–81, 472 A.2d 476, 476–477 (1984); *Carey,* 299 Md. at 22–23, 472 A.2d at 447; *Frazier,* 298 Md. at 448, 470 A.2d at 1282–1283. The purpose of the rule is to promote the expeditious disposition of criminal cases, *Frazier,* 298 Md. at 456–457, 470 A.2d at 1287, and this purpose is not served if, after a good cause postponement, nothing further is done to achieve that goal. Thus, the dismissal sanction may once again be invoked if, after a good cause postponement, trial is not begun with reasonable promptness. *See generally Frazier, supra.* But the burden of showing that the post-postponement delay is inordinate, in view of all the circumstances, is on the defendant. *State v. Brookins,* 299 Md. 59, 62, 472 A.2d 465, 467 (1984); *Frazier,* 298 Md. at 454, 470 A.2d at 1286. Rosenbach has not met that burden here; indeed, he has not attempted to do so.

██ . In any event, we hold that the statute and rule do not require the administrative judge or that judge's designee to make a specific finding that a postponement will take the case beyond the 180–day limit, or to postpone a case to some specific future date. We reiterate that the latter may be desirable, but note that it may not always be feasible. Other steps to assure prompt determination of a new trial date may also be desirable. For example, at the time of postponement, counsel may be directed to go forthwith to the appropriate assignment office and obtain then and there a new trial date. But none of these approaches is mandated by the statute or rule. It is enough that the postponement be made by the administrative judge or designee, that it be for good cause, and that there be no inordinate delay between the postponement and the eventual trial. *See Carey*, 299 Md. at 23, 472 A.2d at 447; *Frazier*, 298 Md. at 462, 470 A.2d at 1290 (same).

The policy of the rule, of course, demands that both the court and prosecution take appropriate steps to assure that there is no inordinate delay. *See State v. Robertson*, 72 Md.App. 342, 350, 529 A.2d 847, 851 (1987); *see also* Md. Rule 1200 d 2(ii). It is for this reason that a case must be dismissed if inordinate delay is found. But this does not mean that a postponing judge must take an active part in the rescheduling of cases. It does mean that the official who undertakes to reset the case (administrative judge, designee, or CAO) must make certain that the commencement of the trial is not inordinately delayed.

It is clear, then, that the question of good cause for postponement and the question of subsequent inordinate delay are separate issues. When CAO sets a new trial date beyond the 180–day limit, the inordinate delay issue may be implicated, but that action has no bearing on the question of whether good cause existed in the original grant of the postponement.

██ We answer the first question with a general "yes," on the assumption that good cause for the postponement

exists. More specifically, we reply thus: Whether a postponement is for good cause has nothing to do with whether the postponing judge delegates the assignment of a new trial date to an assignment office, or with the length of time from postponement to actual trial. The critical postponement under the statute and rule is the one which, in fact, carries the case beyond the 180–day limit. Whether the delay from postponement to trial is inordinate is a question separate from whether the postponement was for good cause.

### III. The Remaining Certified Questions

■ The second question certified by the Court of Special Appeals asks, in effect, how many designees may be named by the administrative judge under the statute and rule. For purposes of this case, we shall assume that Administrative Judge Kaplan named four designees (out of the 24 judges of the Circuit Court for Baltimore City) pursuant to the statute and rule: one judge to handle postponement requests in felony cases and three judges (those sitting from time to time in court conducting arraignments or trials in misdemeanor cases) to deal with those requests in other cases.[4]

Rosenbach argues that this sort of designation is not permitted. He asserts that the judge who makes the good cause determination must have extensive knowledge of all facets of the court's operations: its procedures, its caseload, its backlog, the availability of judges and courtrooms, and the like. *See Frazier,* 298 Md. at 453–454, 470 A.2d at 1285–1286 (discussing the safeguards contemplated by the requirement that the county administrative judge order postponements). A judge sitting temporarily in misdemeanor court, he posits, is not likely to possess the kind of overview requisite to making an informed decision on a postponement request. He points to *Farinholt v. State,*

---

4. The record is not entirely clear that the number of judges was, in fact, so limited.

299 Md. 32, 37–38 n. 2, 472 A.2d 452, 454 n. 2 (1984), where we cautioned "that any procedure adopted by a circuit court consisting of several trial judges, by which *all* trial judges are purportedly authorized to grant postponements for purposes of § 591 and Rule [4–271(a) ], would *not* comply with § 591 and Rule [4–271(a) ]" [emphasis in original].

The State responds by discussing what it sees as the practical demands of the massive caseload in the Circuit Court for Baltimore City and by citing the broad authority to delegate contained in Rule 1200 d 3.

We shall not resolve this dispute. It is true that Rosenbach's motion to dismiss asserted, among other things, that "neither the Administrative Judge or his designee has granted a change in the trial date." That argument was apparently directed to the factual issue of whether Judges Pines and Arabian had been designated by Administrative Judge Kaplan and not to the question of whether numerous judges could be lawfully designated under the statute and rule. But in any case, we have scrutinized with care over 78 pages of transcript that are devoted to the argument before a patient Judge Hubbard. The transcript shows that Rosenbach abandoned the assertion we have quoted from his motion, whatever its exact thrust. Instead, he relied exclusively on the arguments we have considered in part II of this opinion. Two examples from the transcript suffice to make the point.

Counsel for Rosenbach argued that no judge had postponed the case beyond 180 days (*i.e.*, had made a specific determination that the postponement would carry the case beyond that limit). Judge Hubbard took the position (as do we) that this was not necessary. It was enough that the case

was postponed for good cause by two judges that this Court has to presume were designees of the administrative judge.

[COUNSEL FOR ROSENBACH]: I'm willing to concede that, Your Honor.

Some 27 pages later Judge Hubbard summarized:

THE COURT: That's your whole argument, right, in that there's nothing on this form that indicates that even if a postponement is granted, even if there's good cause for this postponement, that it should be granted past the 180 days?

[COUNSEL FOR ROSENBACH]: Yes, ma'am.

Under these circumstances, it is clear that if Rosenbach ever raised the issue embodied in the second certified question, he subsequently abandoned it. He did not argue it to Judge Hubbard, and she did not decide it. Neither shall we. *See* Md. Rule 8–131(a) (Supp. Aug. 1988) (generally, "the appellate court will not decide any . . . issue unless it plainly appears by the record to have been . . . decided by the trial court . . .").[5]

The third question certified by the Court of Special Appeals has meaning only if we address the second question. The fourth question assumes that we have found some impropriety under either the first or second question. Since we have held there was no error with respect to the first question, and since we shall not address the second question, the fourth question is moot.

CERTIFIED QUESTIONS ANSWERED AS ABOVE SET FORTH. CASE REMANDED TO THE COURT OF SPECIAL APPEALS FOR FURTHER PROCEEDINGS, CONSISTENT WITH THIS OPINION. COSTS TO ABIDE THE RESULT IN THAT COURT.

---

5. Were we to address the second question, it would be difficult to do so on the sparse record before us in this case. Cases of this sort cannot be decided in a vacuum. The parties should present clear and specific information about such matters as the precise number of judges designated by the administrative judge; the court's policy, if any, in that regard; the procedures, if any, by which the designees are made and kept aware of the court's administrative circumstances; and the caseload data that is claimed to justify the appointment of more than one designee.