654

705 A.2d 345

**STATE of Maryland**

v.

**Alonzo Maurice BARBER.**

**No. 983, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Feb. 6, 1998.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen, Baltimore and Jack B. Johnson, State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellant.

Claudia A. Cortese, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellee.

Argued before CATHELL * and THIEME, JJ., and ROBERT C. MURPHY, Judge (retired, Specially Assigned).

ROBERT C. MURPHY, Judge, (retired) Specially Assigned.

Appellee, Alonzo Barber, was indicted on October 10, 1995, on three counts of attempted first degree murder and related offenses by a grand jury sitting in Prince George's County. On the date set for trial, Barber failed to appear and his case was postponed. Eventually, a new trial date was set; however, it was beyond the 180–day limit imposed by Maryland Rule 4–271(a) and Maryland Code (1957, 1996 Repl.Vol.), Article 27, § 591 and no hearing was held before the county administrative judge or that judge's designee for a determination of good cause to postpone the case beyond that deadline. Barber subsequently moved to dismiss the case against him for a violation of the Rule and statute. That motion was granted

---

* Cathell, J., participated in the hearing, decision, and the adoption of this opinion while an active member of this Court.

and the case against Barber was dismissed. It is from that order which the State appeals.

On October 19, 1995, defense counsel entered her appearance in the Circuit Court for Prince George's County. Before this Court, the State and Barber agree that the 180-day time period in which Barber was to be brought to trial expired on April 16, 1996. By notice dated February 1, 1996, the motions hearing was scheduled for April 4, 1996, and trial was scheduled for April 8, both before Judge Vincent J. Femia. The motions hearing was held as scheduled; however, the hearing was continued to the trial date. On April 8, 1996, Barber failed to appear for trial. Defense counsel informed Judge Femia that Barber was not present, but that he was prepared to go to trial the following day. Judge Femia ordered that Barber's bond be revoked and a bench warrant be issued. Judge Femia also admonished the State's Attorney that the 180-day period would soon lapse. Defense counsel then indicated that she was starting another trial that morning and Judge Femia stated that he was beginning a trial the following day. No new trial date was set. The bench warrant was issued on April 10, 1996.

On April 11, 1996, Barber appeared before Judge Femia with counsel who stated that Barber had come to court on April 8, but had been misinformed that his case was continued. Counsel requested that the bench warrant be quashed. Judge Femia set aside the bond forfeiture and recalled the bench warrant. He also noted that the case would have to be reset through the chambers of Judge William D. Missouri, the County Administrative Judge.

On May 2, 1996, a new trial date of June 13, 1996, was set. On June 12, 1996, Barber filed a motion to dismiss as the new trial date had been set beyond the 180-day limit without a good cause hearing by the administrative judge or that judge's designee. A hearing on Barber's motion was held before Judge Michele D. Hotten on June 13, 1996. At that hearing, the State's Attorney argued that she had not been notified when Barber appeared in court on April 11, 1996, to have the

bench warrant quashed. The State's Attorney claimed that she had learned of Barber's appearance on that date some two weeks later when she received notification from the clerk's office that the bench warrant had been quashed. The State's Attorney explained:

> Basically, the case did come up for trial on the 8th, and the Defendant wasn't there. He received a bench warrant because of that. Apparently, he did come back to court at another time, but when that happened the State was not notified.

> According to [DEFENSE COUNSEL], there was no one from the State's Attorney's office in the courtroom when Mr. Barber and her and Judge Femia met on the 11th.

> In fact, the only way I found out about this case was the assignment office—actually, it wasn't the assignment office, it was the clerk's office sent us the pink sheets they usually send when the bench warrant is quashed.

> I received it about two weeks after April the 11th and, of course, the *Hicks* date [1] was passed by then. At that point I realized—because I was wondering how was it that the bench warrant was quashed.

> I realized the Defendant's *Hicks* date was passed. I went to the assignment office and I asked them how is it you let the case go past *Hicks* when the bench warrant was quashed. They informed me at that time they had no idea that the case had even come back up. They had no idea the Defendant's bench warrant had been quashed, and for some reason they did not have the case.

> When they inquired further, apparently they never got the daily sheet or whatever it is that comes from the courtroom directing them to set the case, so they didn't know.

---

1. The 180–day deadline is often referred to as the *"Hicks* date" from *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979).

Now, clearly we are in a quandary. What do we do? The case is clearly past *Hicks,* there has clearly been no good cause hearing.

Defense counsel disputed the State's Attorney's lack of knowledge, stating that at the hearing before Judge Femia on April 11, 1996, "there was a member of the State's Attorney's office there who does normally what we term the miscellaneous docket. It was not [the State's Attorney prosecuting this case.] [The State's Attorney prosecuting this case] was called and advised. She told me that she never got that message." Judge Hotten then granted appellant's motion to dismiss.

The State contends that Judge Hotten erred in granting Barber's motion as his case was scheduled and called within the 180–day limit, but could not be conducted due to Barber's failure to appear. The State argues:

By failing to appear on his scheduled trial date, Barber compelled that his trial ... be postponed and necessitated the rescheduling of trial beyond the *Hicks* date of April 16, 1996. Because it was Barber alone who prevented his trial from being conducted in compliance with the statute and Rule, Barber was not entitled to dismissal of the charges when his trial was required to be postponed and rescheduled as a result of his failure to appear.

The State also claims that *Simms v. State,* 83 Md.App. 204, 574 A.2d 12, *cert. denied,* 321 Md. 68, 580 A.2d 1077 (1990), is controlling.

Barber counters that *Simms* ignores numerous holdings of the Court of Appeals that every postponement must be granted by the administrative judge or that judge's designee and must be supported by good cause. Barber also sets forth two grounds that he believes distinguish his case from *Simms:* (1) there was no proof that the State was prepared to go forward with trial on April 8 and was prevented from doing so only by the constitutional prohibition of trying Barber in *absentia;* and (2) he had not fled the State, but was only late for trial.

 Under Maryland Rule 4–271(a) and Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 591,[2] "[t]he State must bring a criminal defendant to trial no later than 180 days after the earlier of the first appearance of the defendant in circuit court or the appearance of his counsel." *Tapscott v. State*, 106 Md.App. 109, 122, 664 A.2d 42 (1995), *aff'd*, 343 Md. 650, 684 A.2d 439 (1996). The 180–day limit contained in Rule 4–271 is mandatory and dismissal of the criminal charges is the appropriate sanction for violation of that time period unless the county administrative judge or that judge's designee, "for good cause shown," extends the trial date beyond the 180–day limit. *State v. Brown*, 307 Md. 651, 657, 516 A.2d 965 (1986); *State v. Hicks*, 285 Md. 310, 318, 403 A.2d 356 (1979). " 'The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days.' " *State v. Parker*, 347 Md. 533, 539, 702 A.2d 217, 219 (1995) (quoting *State v. Frazier*, 298 Md. 422, 428, 470 A.2d 1269 (1984)). "The determination as to what constitutes a good cause, warranting an extension of the trial date beyond the [180–day] limit, is a discretionary one, which '... carries a presumption of validity.' " *Marks v. State*, 84 Md.App. 269, 277, 578 A.2d 828 (1990), *cert. denied*, 321 Md. 502, 583 A.2d 275 (1991) (quoting *State v. Green*, 54

---

**2.** Article 27, § 591 provides:
(a) The trial date of a criminal matter in a circuit court:
(1) Shall be set within 30 days after the earlier of:
(i) The appearance of counsel; or
(ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and
(2) May not be later than 180 days after the earlier of those events.
(b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.
Maryland Rule 4–271 states, in relevant part:
(a) **Trial Date in Circuit Court.**—(1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events.... On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

**660** 

Md.App. 260, 266, 458 A.2d 487 (1983), *aff'd,* 299 Md. 72, 472 A.2d 472 (1984)).

Despite Barber's attempts to distinguish his case, we believe *Simms,* 83 Md.App. 204, 574 A.2d 12, is directly on point. In that case, trial was scheduled within the 180-day limit and the State was prepared to proceed to trial, however, Simms failed to appear. The State's Attorney informed the trial court that Simms was suspected of having fled to North Carolina. The trial court issued a bench warrant and revoked his bond. The case was continued without a new trial date. Simms was subsequently located in the Baltimore City Jail and trial was reset for a date beyond the 180-day limit. On the date set for trial, defense counsel requested a postponement, which was granted. Simms subsequently filed a motion to dismiss for violation of Rule 4–271. The trial court denied the motion.

██ On appeal, this Court affirmed the decision of the trial court, stating that the trial court's issuance of a bench warrant upon Simm's failure to appear was the proper procedure. *Id.* at 209, 574 A.2d 12. We also rejected Simms' argument that a continuance should have been sought from the county administrative judge when he failed to appear for trial. We explained:

> We see no "expertise" that an administrative judge would have to offer in this situation. As the State points out, the process of asking the administrative judge for a postponement is intended as a safeguard because
>
>> "it is the administrative judge who has an overall view of the court's business, who is responsible 'for the administration of the court,' who assigns trial judges, who 'supervise[s] the assignment of actions for trial,' who supervises the court personnel involved in the assignment of cases, and who received reports from such personnel.
>>
>> "Consequently, the administrative judge is ordinarily in a much better position than another judge of the trial court, or an appellate court, to make the judgment as to

whether good cause for the postponement of a criminal case exists." (Footnotes omitted). (Brackets in original). *State v. Frazier,* 298 Md. 422, 453–54 [470 A.2d 1269] (1984). Such a procedure, generally required for postponements, would have no real value here, since a new date could not be set until appellant's whereabouts were known.

*Simms,* 83 Md.App. at 210, 574 A.2d 12.

In the present case, on the date originally set for trial, which was within the 180–day limit, defense counsel informed Judge Femia that she was starting another trial that morning. There is no comment from the State's Attorney that she was not prepared to go forward. In addition, there is simply no indication in the record that Barber was merely late for trial. Defense counsel informed Judge Femia that Barber had contacted her office and indicated that he was prepared to go to trial the following day and stated that Barber was not present. As a result of Barber's conduct, the case was reset beyond the 180–day limit, but it was done without a good cause determination by the administrative judge or that judge's designee. As in *Simms,* a new trial date could not be set until Barber's whereabouts were established and referring the case to the administrative judge or his designee would have been of no value. In such a situation, dismissal is not appropriate.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEE.**