721 A.2d 269

**James T. BROWN, Jr.**

v.

**STATE of Maryland.**

**No. 537, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Dec. 7, 1998.

Deborah Liu (William H. Murphy, Jr. & Assoc., on the brief), Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Patricia Jessamy, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before SALMON, EYLER and KENNEY, JJ.

EYLER, Judge.

This appeal involves application of Rule 4–271 and Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 591, which require that the State bring all circuit court criminal cases to trial within 180 days of the earlier of the appearance of counsel or the first appearance of the defendant. Specifically, we are asked to consider whether there was inordinate delay between the pertinent postponement and the ultimate trial date necessitating dismissal of appellant's criminal charges. We shall hold that, under the circumstances of this case, the delay between postponement and ultimate trial date was inordinate, in violation of the requirements of Rule 4–271 and § 591. Consequently, we shall reverse the judgment of the trial court and remand the case for dismissal of the charges.

## Facts

In February 1996, appellant, James T. Brown, Jr., was arrested for crimes committed on January 26, 1996. Appellant first appeared in the District Court on March 26, 1996 and his bail was set at $1,000. On June 25, 1996, appellant was arraigned in the Circuit Court for Baltimore City and the case was scheduled for trial on September 25, 1996. On September 25, the case was postponed because of the unavail-

ability of a judge and was rescheduled for trial on December 12, 1996. On December 12, the case was once again postponed because of the unavailability of a judge.[1] The case was rescheduled for February 18, 1997, and on February 18, the case was again postponed because of the unavailability of a judge. The case was scheduled for March 5 but was postponed because of the unavailability of a judge, and because the State's Attorney was on family leave. In addition, a motion filed on that date indicated that defense counsel was in trial in another case. The motion did not request a postponement but, instead, sought dismissal of the charges. The case was rescheduled for March 31 but was again postponed because of the unavailability of a judge and rescheduled for June 19. Similarly, the trial was rescheduled and postponed due to unavailability of a judge on June 19, July 11, October 22, and October 24. At the July 11, 1997 hearing, the trial judge suggested that the parties put the case on the "move docket"[2] in order to get the case to trial. The State's Attorney replied that he was in trial every day. Defense counsel replied that he was on vacation in August. The case finally was tried beginning on October 28, 1997, approximately sixteen months after appellant's circuit court arraignment.

The record reflects that appellant declined to waive his rights under *State v. Hicks*, 285 Md. 310, 403 A.2d 356 (1979), on each occasion the case was postponed. In addition, on March 5, 1997, appellant filed a motion captioned "Motion to Dismiss Criminal Charges for Violation of Defendant's Speedy Trial, Due Process and Hicks Rights." The motion was denied and was renewed by appellant at the commencement of trial on October 28, 1997. The trial court found that the administrative judge had granted each of the above postpone-

---

1. While appellant asserts in his brief that the prosecutor also was unavailable on that date, the transcript for the December 12 postponement hearing indicates that both the prosecutor and defense counsel were ready to proceed on that date.

2. For a good description of the "move docket," *see State v. Frazier*, 298 Md. 422, 433, 470 A.2d 1269 (1984).

ments based on a finding of good cause, that none of the postponements constituted an abuse of discretion, and that appellant had not shown that he was prejudiced by the delay. Accordingly, the trial court denied appellant's renewed motion to dismiss the charges.

Ultimately, appellant was convicted by a jury of a third degree sexual offense, a fourth degree sexual offense, and common law assault. The trial court merged the lesser offenses into the third degree sexual offense and sentenced appellant to two years imprisonment.

## Discussion

On appeal, appellant asserts both that his speedy trial rights under the federal constitution were violated and that the requirements of Rule 4–271 and Article 27, § 581 were violated. Because we agree with appellant's latter contention, we shall not reach the constitutional issues. *See State v. Lancaster,* 332 Md. 385, 404 n. 13, 631 A.2d 453 (1993).

█ Pursuant to Rule 4–271 and Article 27, § 591, the State is required, in the circuit court, to bring all criminal defendants to trial within 180 days after the appearance of counsel or the first appearance of the defendant, whichever is earlier, unless the trial is postponed for good cause by the administrative judge or his or her designee. This date, which in this case was December 22, 1996, has come to be known as the *Hicks* date, in recognition of the fact that in *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979), the Court of Appeals held that the requirement is mandatory. With the exception of limited circumstances, such as the defendant's express consent to a trial date outside the statutory period, *see Dorsey v. State,* 349 Md. 688, 702–03, 709 A.2d 1244 (1998), the sanction for noncompliance with these provisions is dismissal of the charges. *Id.; State v. Cook,* 322 Md. 93, 96–97, 585 A.2d 833 (1991); *Calhoun v. State,* 299 Md. 1, 6, 472 A.2d 436 (1984); *Hicks,* 285 Md. at 334–35, 403 A.2d 356.

█ In order to satisfy the requirements of *Hicks,* a postponement that postpones the trial date beyond the 180 day

deadline must meet the following three conditions: (1) a party or the court must request the postponement; (2) good cause must be shown by the moving party; and (3) the county administrative judge, or a judge designated by him or her, must approve of the extension of the trial date. *Franklin v. State*, 114 Md.App. 530, 691 A.2d 257, *cert. denied*, 346 Md. 241, 695 A.2d 1229 (1997); *State v. Robertson*, 72 Md.App. 342, 347, 529 A.2d 847 (1987). The Court of Appeals has held that "[a] case postponed for good cause may yet run afoul of the statute and rule if, after a valid postponement, there is inordinate delay in bringing a case to trial." *Rosenbach v. State*, 314 Md. 473, 479, 551 A.2d 460 (1989). In *Rosenbach*, the Court went on to explain:

> The purpose of the rule is to promote the expeditious disposition of criminal cases, *[State] v. Frazier*, 298 Md. [422], 456–57, 470 A.2d at 1282–1283 [ (1984) ], and this purpose is not served if, after a good cause postponement, nothing further is done to achieve that goal. Thus, the dismissal sanction may once again be invoked if, after a good cause postponement, trial is not begun with reasonable promptness. *See generally Frazier, supra*. But the burden of showing that the post-postponement delay is inordinate in view of all the circumstances, is on the defendant. *State v. Brookins*, 299 Md. 59, 62, 472 A.2d 465 (1984); *Frazier*, 298 Md. at 454, 470 A.2d at 1286.

*Id.* at 479, 551 A.2d 460.

■ Thus, when determining whether there has been compliance with the requirements of *Hicks*, we must engage in a two step analysis:

> First, we must ask whether there was good cause for the postponement which occurred on the critical trial date, and then we must determine if there was inordinate delay between the time of the good cause postponement and the trial date set by the assignment authority. . . .

*State v. Parker*, 347 Md. 533, 540, 702 A.2d 217 (1995).

■ In this case, the critical postponement was December 12, 1996, because that was the postponement that extend-

ed the trial date beyond the 180 day deadline. *See Dorsey,* 349 Md. at 701, 709 A.2d 1244; *Parker,* 347 Md. at 540–41, 702 A.2d 217; *Rosenbach,* 314 Md. at 478, 551 A.2d 460; *Frazier,* 298 Md. at 428, 470 A.2d 1269. In considering whether the requirements of Rule 4–271 were met, we do not examine the propriety of either the prior postponements or subsequent postponements. *See Farinholt v. State,* 299 Md. 32, 472 A.2d 452 (1984); *Reed v. State,* 78 Md.App. 522, 536–37, 554 A.2d 420 (1989). On the date of the critical postponement, the administrative judge postponed the case due to the unavailability of a judge. We cannot say that the reason for the postponement failed, as a matter of law, to constitute good cause for the postponement. *See, e.g. State v. Bonev,* 299 Md. 79, 81, 472 A.2d 476 (1984); *Harper v. State,* 299 Md. 75, 78, 472 A.2d 473 (1984); *State v. Harris,* 299 Md. 63, 472 A.2d 467 (1984); *Rash v. State,* 299 Md. 68, 472 A.2d 470 (1984); *State v. Brookins,* 299 Md. 59, 472 A.2d 465 (1984); *McFadden v. State,* 299 Md. 55, 472 A.2d 463 (1984); *Frazier,* 298 Md. at 422, 470 A.2d 1269; *Reed,* 78 Md.App. at 537, 554 A.2d 420. Nevertheless, the inordinate delay between the postponement and the ultimate trial date requires dismissal of the criminal charges.

█ As noted above, the question of inordinate delay must be analyzed in view of all of the circumstances of the case. *Rosenbach,* 314 Md. at 479, 551 A.2d 460. We begin, then, with an examination of the charges at issue. Appellant was charged with committing sexual assault upon a twelve year-old girl. The alleged assault occurred on one occasion, there was no physical evidence, and no other eye witnesses aside from appellant and the minor victim. Ultimately, the State's case rested upon the testimony of four witnesses—the minor victim, the minor victim's mother, the investigating detective, and an investigating police officer—and took approximately one trial day to complete. There were no complex legal or medical issues that would justify a lengthy delay to trial. Indeed, as the case presented essentially a credibility contest between the victim and the defendant, the case ideally should have been brought quickly while memories were fresh.

Appellant was not tried until more than ten months after the date of the critical postponement and the *Hicks* deadline. After the critical postponement, the case was called for trial and postponed **seven** times due to the unavailability of a judge. Aside from one case when the defendant consented to several postponements, *see Wheeler v. State,* 88 Md.App. 512, 520–22, 596 A.2d 78 (1991), we are unaware of any case that even approaches this level of delay.

In *Pennington v. State,* 299 Md. 23, 472 A.2d 447 (1984), the Court of Appeals held that a delay of 168 days between the critical postponement and the new trial date was "sufficiently long to place the burden on the State to offer some evidence, both in terms of what happened in the instant case as well as the nature of the criminal case scheduling system in Harford County." *Id.* at 30, 472 A.2d 447. Notably, the new trial date was merely 60 days beyond the *Hicks* date, as opposed to the approximately 300 days at issue in this case. The Court noted that the principles set forth in *Frazier, supra,*[3] may not have been anticipated at the time the motion to dismiss was made. Moreover, the defendant's motion was oral and thus, the lack of advance notice may have deprived the State of an opportunity to put on evidence. In view of these circumstances, the Court remanded the case for further proceedings on the issue of inordinate delay.

In *Harris, supra,* the *Hicks* date was January 13, 1982. When the case first was called for trial on September 10, 1981, it was postponed due to the unavailability of a jury. When it was called again on November 23, 1981, it was postponed due to the unavailability of judge or jury. In December of 1981, the trial court conducted a five day suppression hearing on the defendant's motion to suppress certain evidence. At the conclusion of the hearing, the trial judge indicated that he would issue a written opinion. Ultimately, on February 25,

---

**3.** As Judge Raker noted in her concurrence in *State v. Parker,* 347 Md. 533, 542, 702 A.2d 217 (1995), the concept of inordinate delay is a judicial enhancement of § 591 and Rule 4–271 that "crept into" the case law beginning with *State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984).

1982, the trial court filed a sixteen page opinion denying the motion to suppress. The case was then called for trial on March 8, 1982. On that date, the defendant rescinded an agreement to proceed upon a stipulation of facts so that the case again was postponed to permit the State to call its witnesses. The case ultimately was tried on April 7, 1982, a little over three months after the *Hicks* date. In its discussion of the case, the Court noted that the length of delay from November 23, the date of the critical postponement, until March 8, the next scheduled trial date, may be substantial, but that it was explained by the extensive proceedings and opinion on the suppression issues. 299 Md. at 67, 472 A.2d 467.

In *State v. Brown*, 307 Md. 651, 516 A.2d 965 (1986), the defendant was tried 173 days after the expiration of *Hicks*. The issue in that case, however, was not the propriety of the length of delay. Instead, the Court of Appeals held that dismissal was not warranted because the defendant had expressly consented to a trial date beyond the 180 day period. *Id.* at 661, 516 A.2d 965.

Almost without exception, in the other cases we have surveyed, the defendant was brought to trial very shortly after the expiration of *Hicks*. *See, e.g., Parker*, 347 Md. at 541, 702 A.2d 217 (two months between second arrest and trial); *Cook*, 322 Md. at 105, 585 A.2d 833 (defendant tried twenty-three days after expiration of *Hicks* ); *State v. Toney*, 315 Md. 122, 124–26, 553 A.2d 696 (1989) (approximately one month after the expiration of *Hicks* ); *Rosenbach*, 314 Md. at 476–77, 551 A.2d 460 (less than one month after expiration of *Hicks* ); *State v. Beard*, 299 Md. 472, 479, 474 A.2d 514 (1984) (trial dates approximately two months after expiration of *Hicks);* *Mahammitt v. State,* 299 Md. 82, 84, 472 A.2d 477 (1984) (seven days after expiration of *Hicks* ); *Bonev*, 299 Md. at 80–81, 472 A.2d 476 (two weeks after *Hicks* ); *Harper*, 299 Md. at 77–78, 472 A.2d 473 (two days after *Hicks* ); *Green v. State*, 299 Md. 72, 74–75, 472 A.2d 472 (1984) (within four months of *Hicks* ); *Rash*, 299 Md. at 70–71, 472 A.2d 470 (within two months of *Hicks* ); *Brookins*, 299 Md. at 59, 472 A.2d 465 (within one month of *Hicks* ); *McFadden*, 299 Md. at 56–58,

472 A.2d 463 (within two months of *Hicks*); *Grant v. State*, 299 Md. 47, 51, 472 A.2d 459 (1984) (eight days after *Hicks*); *Satchell v. State*, 299 Md. 42, 44, 472 A.2d 457 (1984) (little over one month after *Hicks*); *Farinholt*, 299 Md. at 34, 38, 472 A.2d 452 (little over two months after *Hicks*); *Carey v. State*, 299 Md. 17, 19, 472 A.2d 444 (1984) (twenty-four days after *Hicks*); *Frazier*, 298 Md. at 435–46, 470 A.2d 1269 (trial dates ranged between four days and four months after *Hicks*); *State v. Barber*, 119 Md.App. 654, 656, 705 A.2d 345 (1998) (two months after *Hicks*); *Tapscott v. State*, 106 Md. App. 109, 117, 664 A.2d 42 (1995), *aff'd on other grounds*, 343 Md. 650, 684 A.2d 439 (1996) (thirty-nine days after *Hicks*); *Dalton v. State*, 87 Md.App. 673, 683, 591 A.2d 531 (1991) (eight days after *Hicks*); *Reed*, 78 Md.App. at 537, 554 A.2d 420 (slightly more than one month after *Hicks*). *Compare Wheeler*, 88 Md.App. at 520–22, 596 A.2d 78 (although defendant was not tried until nearly nine months after the expiration of *Hicks*, the defendant sought or consented to several of the postponements, including the critical postponement, and conceded in his motion to dismiss on speedy trial grounds "that the 180–day rule did not apply." We did not, in that case, address the issue of inordinate delay.) When considered against the back-drop of prior cases, a ten month delay appears to be extreme.

The State argues, however, that it is not a ten month delay that is at issue in this case. It maintains that the delay we must evaluate is the delay between the critical postponement and the next scheduled trial date. The State goes on to note that that delay was only a couple of months and, consequently, not inordinate. Certainly, the State's position is not an unreasonable reading of the case law. To date, the cases that have addressed the concept of inordinate delay have dealt with the length of delay between the critical postponement and the next scheduled trial date rather than a series of post-*Hicks* postponements such as are at issue in this case. That fact, coupled with certain language in *Farinholt*, supports the State's position. *See Parker*, 347 Md. at 545, 702 A.2d 217 (Raker, J. concurring) ("Our cases seem to disagree on what is

necessary to further the purpose of Rule 4–271. Under *Rosenbach*, a lengthy delay to the new trial date after a good cause postponement could be the basis for dismissal, but under *Farinholt*, the same delay caused by repeated postponements after the 180 days, even if not for good cause, could not be sanctioned by dismissal.")

Specifically, the Court in *Farinholt* stated as follows:

[A]fter a case has already been postponed beyond the 180–day period, either in accordance with § 591 and Rule 746 [predecessor to Rule 4–271], or upon the defendant's motion, or with the defendant's express consent, the dismissal sanction has no relevance to subsequent postponements of the trial date unless the defendant's constitutional speedy trial right has been denied.

299 Md. at 40, 472 A.2d 452.

Despite the use of this rather broad language, the Court in *Farinholt* was not faced with facts even remotely similar to the instant case. In *Farinholt*, the *Hicks* deadline was November 2, 1981. When the case was called to trial on September 23, 1981, counsel for the defense requested a postponement and the defendant, on the record, waived his right to be tried within 180 days of the initial appearance.[4] On October 27, 1981, six days prior to the expiration of *Hicks*, the case again was called for trial. Again, defense counsel moved for a postponement due to the unavailability of a defense witness. Defense counsel indicated that the defendant previously had "waived *Hicks* and speedy trial," indicated that the new trial date probably would be in February 1982, and requested a reduction in the amount of required bail so that the defendant would not be incarcerated until the new trial date. The trial judge granted the motion for postponement, reduced the

---

4. Although, as in this case, the litigants often speak in terms of waiver, *see, e.g., Jackson v. State*, 120 Md.App. 113, 117–20, 706 A.2d 156, *cert. granted*, 350 Md. 280, 711 A.2d 871 (1998), the question is more precisely whether the defendant seeks or expressly consents to a trial date beyond the 180 day statutory period. *See Brown*, 307 Md. at 659, 516 A.2d 965.

amount of bail, and directed the attorneys to obtain a new trial date from the Assignment Office. The parties agreed to a trial date of November 18, 1981. On November 13, 1981, however, the State filed a motion to postpone the trial date on the ground that the victim, an essential witness, would be in Florida on a prescheduled vacation. The defense objected to any further postponements and the State's motion was granted. The case finally was called for trial on January 8, 1982, approximately two months after the expiration of *Hicks*, at which time the defendant moved to dismiss, asserting a violation of § 591 and Rule 746, as well as a violation of the defendant's constitutional right to speedy trial. The trial judge, confining his ruling to the requirements of § 591 and Rule 746, granted the motion to dismiss. The Court of Appeals held that it need not consider the propriety of the post-*Hicks* postponement and reversed based on the defendant's express consent to a trial date beyond the 180 day statutory period.

Given the facts of *Farinholt*, we do not believe that *Farinholt* forecloses our consideration in this case of the length of delay between the critical postponement and the ultimate trial date. While it is true that, after the December 12, 1996 postponement, appellant was given a trial date of February 18, 1997, that trial date apparently had no meaning whatsoever. The series of postponements in this case, for unavailability of a judge, was tantamount to not scheduling appellant's case at all until it finally was tried in October, 1997. We believe that the cases dealing with a nol pros of charges are analogous.

In *Curley v. State*, 299 Md. 449, 474 A.2d 502 (1984), the Court of Appeals set forth the following rule:

> [W]hen a circuit court criminal case is nol prossed, and the state later has the same charges refiled, the 180–day period for trial prescribed by § 591 and Rule 746 ordinarily begins to run with the arraignment or first appearance of defense counsel under the second prosecution. If, however, it is shown that the nol pros had the purpose or the effect of circumventing the requirements of § 591 or Rule 746, the

180–day period will commence to run with the arraignment or first appearance of counsel under the first prosecution.

*Id.* at 462, 474 A.2d 502. *See also State v. Brown,* 341 Md. 609, 672 A.2d 602 (1996); *State v. Glenn,* 299 Md. 464, 474 A.2d 509 (1984); *Ross v. State,* 117 Md.App. 357, 700 A.2d 282 (1997), *cert. denied,* 348 Md. 334, 703 A.2d 1265 (1998). The Court explained that although normally the effect of a nol pros is as if the charge had never been brought, *Curley,* 299 Md. at 460, 474 A.2d 502, if it failed to recognize a limited exception,

> the state could regularly evade § 591 and Rule 746. If, whenever the state desired a trial postponement beyond 180 days, it could nol pros the case, refile the same charges, and thereby cause the time period to start running anew, the requirements of § 591 and Rule 746 would largely be rendered meaningless. By such method the state could regularly escape the necessity, mandated by the statute and rule, of showing good cause for a postponement and obtaining an order of the administrative judge.

*Id.* at 461, 474 A.2d 502.

Just as the State may not use the nol pros procedure as a vehicle to avoid the requirements of § 591 and Rule 4–271, the circuit courts may not avoid those requirements by assigning trial dates that have no practical meaning. In a case such as this, involving no extenuating circumstances whatsoever, the serial postponements of trial due to the unavailability of the court is the equivalent of the failure to assign any trial date.[5] Thus, we will consider the length of delay between the critical postponement and the ultimate trial date. Under the particular circumstances of this case, and our holding is so limited, that delay was inordinate as a matter of law.

---

**5.** We note also that on several occasions the Court of Appeals has suggested that chronic court congestion, as opposed to non-chronic court congestion, is not good cause for postponement. *See Parker,* 347 Md. at 543, 702 A.2d 217 (Raker, J. concurring); *Toney,* 315 Md. at 134, 553 A.2d 696; *Frazier,* 298 Md. at 455–57, 470 A.2d 1269.

JUDGMENT REVERSED; CASE REMANDED FOR DISMISSAL OF CHARGES; COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.