472 A.2d 476

**STATE of Maryland**

v.

**Patricia Ann BONEV.**

**No. 18, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 15, 1984.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the petition), for appellant.

M. Gordon Tayback, Baltimore, for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

Patricia Ann Bonev was indicted in the Criminal Court of Baltimore (now the Circuit Court for Baltimore City) on several charges relating to the distribution and possession of controlled dangerous substances. Her arraignment was held on August 17, 1981, and her counsel's appearance was entered on that date. Thus the 180-day period for trial, prescribed by Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, expired on February 13, 1982, unless

there was an extension of the time period in accordance with § 591 and Rule 746.

A trial date of November 16, 1981, was assigned. The case could not be reached on that date, however, because of the unavailability of a court, and the designated administrative judge signed an order on November 16th postponing the trial date. The order recited that the postponement was necessary "due to an excess buildup of cases awaiting trial with no courtroom available [and] [t]here are currently 14 cases already pending on the list to be moved to the first available court." A new trial date of February 25, 1982, was selected by the Assignment Office. The February 25th date was postponed, however, because defendant's counsel was trying another case on that day. The case was placed on the "move list," [1] and a court was available for trial on March 1, 1982.

When the case was called for trial on March 1st, the defendant, by her attorney, orally moved to dismiss on the ground that Art. 27, § 591, and Rule 746 had been violated. After argument, the trial court granted the motion on the theory that there was a lack of good cause for the length of the delay from November 16, 1981, to February 25, 1982. The Court of Special Appeals, by a 2–1 vote, affirmed in an unreported opinion. The majority of the appellate panel agreed with the trial court that there was insufficient cause for the length of delay from the first postponement to the next assigned trial date.

We have granted the State's petition for a writ of certiorari, and, under the principles recently set forth in *State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984), a reversal is required. The record in this case does not permit a conclusion that the postponement of the trial date from November 16, 1981, to February 25, 1982, represented a clear abuse of discretion.

---

1. For an explanation of the "move list" in Baltimore City, *see State v. Frazier,* 298 Md. 422, 431–434, 470 A.2d 1269 (1984).

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CRIMINAL COURT OF BALTIMORE (NOW THE CIRCUIT COURT FOR BALTIMORE CITY) AND REMAND THE CASE TO THAT COURT FOR TRIAL. RESPONDENT TO PAY COSTS.

DAVIDSON, Judge, dissenting:

I would affirm the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).