472 A.2d 465

**STATE of Maryland**

v.

**Arnold BROOKINS and Clarence Howard.**

**No. 11, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 15, 1984.

**60**

Carmina Szunyog, Asst. Atty. Gen., Baltimore, (Stephen H. Sachs, Atty. Gen., Baltimore, on the petition) for appellant.

Alan H. Murrell, Public Defender and Gary W. Christopher, Asst. Public Defender, Baltimore, for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

The trial court dismissed this criminal case on the ground that the defendants were not tried within 180 days, as ordinarily required by Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, and the Court of Special Appeals affirmed the dismissal. The case is now before us on the State's petition for a writ of certiorari.

The relevant facts are as follows. Arnold Brookins and Clarence Howard were charged with armed robbery and other offenses by criminal information filed in the Criminal Court of Baltimore (now the Circuit Court for Baltimore City). On August 14, 1981, they were arraigned and their counsel's appearance was entered. Thus the 180-day period for trial, under § 591 and Rule 746, would expire on February 10, 1982, unless extended in accordance with the statute and rule.

Trial was scheduled for November 12, 1981, and both sides were ready for trial on that date. Nevertheless the case could not be reached because of the unavailability of a court. The designated administrative judge on November 12th postponed the case, stating that good cause existed "due to an excess buildup of cases awaiting trial with no courtroom available" and "currently 25 cases already pending on the

list to be moved to the first available court."[1] A new trial date of February 24, 1982, was assigned. This was fourteen days beyond the 180-day period prescribed by § 591 and Rule 746.

Again on February 24, 1982, the case could not be reached because of the unavailability of a court, and Administrative Judge Karwacki determined that a postponement was again required. This time, however, the case was placed on the "move list" and thus given priority status. A judge was available on March 8, 1982, and the case was called for trial on that date.

Prior to trial the defendant Brookins had filed a written motion to dismiss, asserting both a denial of his constitutional right to speedy trial and a violation of § 591 and Rule 746. On the day of trial the defendant Howard orally joined the motion. Following argument on March 8th, the trial judge granted the motion to dismiss, relying upon one of the trial court decisions which was subsequently reversed by us in *State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984).

The Court of Special Appeals affirmed in an unreported opinion. The intermediate appellate court assumed that there was good cause for the postponement from November 12, 1981, to February 24, 1982. The appellate court, however, held that "good cause was not shown" for the postponement on February 24, 1982.

The state then filed a petition for a writ of certiorari. We have granted the petition and shall reverse.

The Court of Special Appeals' holding, that dismissal was appropriate because the February 24th postponement was unsupported by good cause, cannot be squared with our recent opinion in *State v. Frazier, supra,* and our opinion filed today in *Farinholt v. State,* 299 Md. 32, 472 A.2d 452 (1984). As those opinions hold, the "critical order by

---

1. For an explanation of the criminal assignment and postponement procedure in the Circuit Court for Baltimore City, *see State v. Frazier,* 298 Md. 422, 430–435, 470 A.2d 1269 (1984).

the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days." *Frazier,* 298 Md. at 428, 470 A.2d 1269. As stated in the *Farinholt* case, 299 Md. at 40, 472 A.2d at 456, "after a case has already been postponed beyond the 180-day period, either in accordance with § 591 and Rule 746, or upon the defendant's motion, or with the defendant's express consent, the dismissal sanction has no relevance to subsequent postponements of the trial date unless the defendant's constitutional speedy trial right has been denied."

In the case at bar, the 180-day period for trying the case, prescribed by § 591 and Rule 746, expired on February 10, 1982. The order of November 12, 1981, postponing the trial date from November 12th to February 24th, was the critical postponement order for purposes of the dismissal sanction. The subsequent postponement order of February 24th, occurring after the case had already been postponed beyond the 180-day deadline, does not implicate the dismissal sanction under the *Frazier* and *Farinholt* opinions.

■ The trial court's dismissal of the charges, for an alleged violation of § 591 and Rule 746, can be sustained only if the postponement of the trial from November 12, 1981, to February 24, 1982, was in violation of § 591 and Rule 746. In our view, no such violation was shown. The postponement was effected by the designated administrative judge, as required by § 591 and Rule 746. With regard to the presence or absence of good cause, the defendants did not meet their burden of demonstrating that the change of trial date, or the period of time until a new trial date, represented a clear abuse of discretion. *State v. Frazier, supra,* 298 Md. at 461–462, 470 A.2d 1269.

The trial court, therefore, erred in dismissing the charges under § 591 and Rule 746. Upon remand, however, the defendants' argument based on their constitutional right to speedy trial, as well as other pre-trial motions, must be ruled upon.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENTS OF THE CRIMINAL COURT OF BALTIMORE (NOW THE CIRCUIT COURT FOR BALTIMORE CITY) AND REMAND THE CASE FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENTS TO PAY COSTS.

DAVIDSON, Judge, dissenting:

I would affirm the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).