702 A.2d 217

**STATE of Maryland**

v.

**Steven Donnell PARKER.**

**No. 89, Sept. Term, 1994.**

Court of Appeals of Maryland.

Filed May 9, 1995.

As Modified May 25, 1995.

Raker, J., filed concurring opinion in which Rodowsky and Chasanow, JJ., joined.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

Geraldine Kenney Sweeney, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Judge (retired), Specially Assigned.

KARWACKI, Judge.

In this case, we review the circumstances surrounding the scheduling of the trial of a criminal case beyond the 180–day mandate of Maryland Rule 4–271 [1] and determine whether the

---

1. Maryland Rule 4–271 provides in pertinent part:

"(a) **Trial Date in Circuit Court.**—(1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. . . . On motion of a party, or on the court's initiative, and for good cause shown, the county administra-

circuit administrative judge erred in concluding that Md.Rule 4–271 was violated and that the case must therefore be dismissed.

## I

On November 16, 1992, Steven Donnell Parker was indicted by the Grand Jury for Anne Arundel County for numerous offenses. Parker initially appeared before the Circuit Court for Anne Arundel County for arraignment on December 14, 1992. The case was called for trial on March 30, 1993, before Judge Raymond G. Thieme, Jr., at which time the State advised the court that it was prepared to go to trial but that Parker was not present. Parker's attorney, who was also involved in another trial on March 30, advised the trial judge that she did not know where Parker was and that she had been unable to locate him since his release from the detention which followed his arrest. Judge Thieme, as the circuit administrative judge for the 5th Judicial Circuit, is empowered, pursuant to Md.Rule 1200 c. 2.(a), to perform any of the duties of a county administrative judge for the purpose of compliance with Md.Rule 4–271. Accordingly, he postponed the case and issued a bench warrant for Parker's arrest.

Parker was arrested on that warrant on May 12, 1993. By letter dated June 9, 1993, the prosecutor outlined terms of a possible plea agreement and advised Parker's attorney that he had set trial for July 21, 1993,[2] in the event the parties were unable to reach an agreement on a plea. On July 19, 1993, Judge Thieme granted the State's request for a one-week postponement of the trial and ordered that motions be heard on July 21.

On July 21, 1993, Judge Thieme heard arguments on Parker's motion to dismiss for an alleged violation of Md.Rule 4–

---

tive judge or that judge's designee may grant a change of a circuit court trial date."

2. In the Circuit Court for Anne Arundel County, the Office of the State's Attorney ordinarily schedules trial dates for criminal cases.

271. There was no dispute that the 180–day period specified in Md.Rule 4–271 (the *Hicks* [3] date) had expired on June 12, 1993. There also was no dispute that following Parker's arrest in May, the prosecutor had set trial for a date beyond that deadline. In granting Parker's motion to dismiss, Judge Thieme concluded that Md.Rule 4–271 had been violated because the State, after Parker's arrest in mid–May, had not scheduled a trial date prior to the *Hicks* date or sought a good cause finding for scheduling a trial date thereafter. Judge Thieme also stated that he had granted a postponement on March 30 because Parker was not present for trial but declined to determine whether there had been an inordinate delay between Parker's arrest on May 12 and the new trial date.

The Court of Special Appeals, in an unreported opinion, affirmed the judgment of dismissal. We granted certiorari upon the State's petition to determine whether dismissal was proper under these circumstances. For the reasons set forth below, we shall hold that dismissal was inappropriate in this case because Md.Rule 4–271 was satisfied.

## II

The State contends that the appropriate rationale to be applied in this case is the two-step analysis which we employed in *Rosenbach v. State*, 314 Md. 473, 480, 551 A.2d 460, 463 (1989), and re-affirmed in *State v. Cook*, 322 Md. 93, 97–98, 585 A.2d 833, 835 (1991), which requires a finding of both good cause for postponement and the lack of inordinate delay in scheduling the ultimate trial date to satisfy Md.Rule 4–271. The State concludes that, if the *Rosenbach* analysis is employed, dismissal is not warranted in this case.

Parker contends that the *Rosenbach* analysis does not apply in this case and that the prosecutor had an obligation to go to the administrative judge when it became clear that the case could not be tried within the 180–day limit. In Parker's

---

**3.** *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979).

words, "[i]f the combination of when the failure to appear occurred and the length of time it takes to correct it is such that the prosecutor cannot try the case within the 180 day limit, then the prosecutor must go to the Administrative judge, explain the circumstances, and ask permission to exceed the 180 day limit."

The Court of Special Appeals agreed with Parker, holding:

"In this case, the prosecutor took it upon himself to schedule the trial beyond the 180–day deadline without first seeking the approval of the administrative judge. We are unable to conclude that the administrative judge abused his discretion in finding that the scheduling of the case was made without a good cause finding by the administrative judge. It follows that the court did not err in dismissing the indictment."

Without even mentioning the *Rosenbach* decision, the intermediate appellate court affirmed the dismissal of the case, based on the *scheduling* of the case by the prosecutor beyond the *Hicks* date without requesting a finding of good cause from the administrative judge. Accordingly, we shall reverse the judgment of the Court of Special Appeals and remand this case for trial.

### III

In *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979), we stated that the provisions of Maryland Code (1957, 1976 Repl.Vol.), Art. 27, § 591 [4] and Md.Rule 746, the forerunner to Rule 4–271, were mandatory:

---

4. Maryland Code (1957, 1976 Repl.Vol.), Art. 27, § 591(a) provided, in pertinent part:

"Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the Circuit Court or the Criminal Court of Baltimore City in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than six months from the date of the arraignment of the person accused or the appearance or the

"The provisions of Rule 746 are of mandatory application, binding upon the prosecution and defense alike; they are not mere guides or bench marks to be observed, if convenient. Accordingly, Judge Pollitt was correct in holding that Rule 746 is mandatory and that dismissal of the criminal charges is the appropriate sanction where the State fails to bring the case to trial within the 120–day period prescribed by the rule and where 'extraordinary cause' justifying a trial postponement has not been established." [5]

*Id.* at 318, 403 A.2d at 360. At its 1980 session, the Legislature retained the scope and mandatory nature of § 591, but changed the "extraordinary cause" requirement to one of "good cause." Ch. 378 of the Acts of 1980.[6] We later set forth the standard for reviewing a motion to dismiss for failure to try a defendant within 180 days:

"As the *Hicks* and *Goins* [293 Md. 97, 442 A.2d 550 (1982) ] cases make clear, a trial judge entertaining such a motion must ordinarily grant it if the case was not tried within 180 days and if the trial was not postponed beyond that deadline in accordance with the statute and rule. But in making this determination, when reviewing a postponement beyond the 180–day deadline ordered by the administrative judge, deference must be accorded the judgment of the administrative judge and those assignment personnel acting under his supervision. We hold, therefore, as follows: with regard to both components of the 'good cause' requirement in § 591 and Rule 746, the trial judge (as well as an appellate court) shall not find an absence of good cause unless the defendant

---

appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for extraordinary cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending."

5. Following our decision in *State v. Hicks, supra,* former Md.Rule 746 was amended in 1979 to increase the *Hicks* limit from 120 days to 180 days.

6. Md.Rule 746 was amended in 1980 to conform the rule with Article 27, § 591 as amended by ch. 378 of the Acts of 1980.

meets the burden of demonstrating either a clear abuse of discretion or a lack of good cause as a matter of law." *State v. Frazier,* 298 Md. 422, 454, 470 A.2d 1269, 1286 (1984).

Before addressing whether there was good cause in this case, we must first determine when the critical postponement occurred:

> " 'The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days.' *Frazier,* 298 Md. at 428, 470 A.2d at 1272. Further, our holding in *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982), illustrates that the postponing judge need not make a specific finding that the postponement will of necessity carry the case beyond the 180 days."

*Rosenbach v. State,* 314 Md. at 478, 551 A.2d at 462. Once that date has been determined, we can address the remaining two-step analysis set out in *Rosenbach:*

> "Nor is it essential, under the statute and rule, that the postponing judge, at the time of postponement or thereafter, personally reset or cause the case to be reset for a particular date.... But the only prerequisite is that the administrative judge or that judge's designee find good cause. Once that determination is made, the postponement is valid for purposes of the rule, subject only to the deferential review accorded the judge's good cause finding....

> Once that occurs, the question is no longer whether there was a postponement for good cause. The issue then becomes the length of the delay. A case postponed for good cause may yet run afoul of the statute and rule if, after a valid postponement, there is inordinate delay in bringing the case to trial. The purpose of the rule is to promote the expeditious disposition of criminal cases, and this purpose is not served if, after a good cause postponement, nothing further is done to achieve that goal. Thus, the dismissal sanction may once again be invoked if, after a good cause postponement, trial is not begun with reasonable promptness."

*Id.* at 479, 551 A.2d at 462–63 (citations omitted). The administrative judge need not be aware that his or her postponement will carry the case beyond the 180–day limit and need not set the trial for a specific future date. *Id.* at 480, 551 A.2d at 463. "It is enough that the postponement be made by the administrative judge or designee, that it be for good cause, and that there be no inordinate delay between the postponement and the eventual trial." *Id.* (citations omitted).

█ Once the critical postponement date is ascertained, therefore, we must apply a two-step analysis. First, we must ask whether there was good cause for the postponement which occurred on the critical date, and then we must determine if there was inordinate delay between the time of the good cause postponement and the trial date set by the assignment authority, in this case the Office of the State's Attorney.

IV

The critical postponement date in this case was March 30, the date on which the defendant failed to appear for trial. The indefinite postponement granted on that date carried the defendant's second trial date beyond the 180–day limit. *See Frazier,* 298 Md. at 428, 470 A.2d at 1272. Judge Thieme, as the circuit administrative judge, was the appropriate person to make the required good cause finding. Although Judge Thieme made no express finding of good cause for the March 30 postponement, it is patently obvious that unavailability of the defendant for trial constitutes good cause for a postponement. *See, e.g., Frazier,* 298 Md. at 462–63, 470 A.2d at 1290 (1984).

█ The error made by both the Court of Special Appeals and the circuit administrative judge was reading Rule 4–271 as requiring a specific good cause finding prior to *scheduling* of the case beyond the 180–day limit. The scheduling of the case by the Office of the State's Attorney was not the action that required good cause—the March 30 postponement was. *Rosenbach* sets forth three important propositions: (1) the postponement which, in fact, carries the case beyond the 180–day

limit, is the critical event, not the scheduling of the trial; (2) the judge granting that postponement need not be aware that it will cause the trial to occur beyond the 180–day limit and need not be involved in the rescheduling of the case; and (3) if the critical postponement was supported by good cause, the case will not be dismissed for failure to try the defendant before the *Hicks* date unless there has been an inordinate delay in scheduling the case for trial.

■ Because good cause existed for the March 30 postponement by the circuit administrative judge in the instant case, the only remaining question in applying the principles set forth above is that of inordinate delay. Judge Thieme refused to make a finding on this issue at the hearing on Parker's motion to dismiss, and the intermediate appellate court also did not address the issue. The indefinite postponement was granted on March 30, but Parker was not arrested until mid-May. Thereafter, counsel were engaged in efforts to resolve the case without a trial. Little more than two months passed between Parker's second arrest and the new trial date. As a matter of law, we hold that the delay in this case between the time the defendant was arrested after his failure to appear for the initial trial date and the time of his ultimate trial date was not inordinate. We need not remand the case for a hearing on this issue, as we have upheld longer delays in previous cases. *See Rosenbach, supra* (characterizing 78–day delay as insufficient to meet Rosenbach's burden of showing inordinate delay); *State v. Bonev,* 299 Md. 79, 472 A.2d 476 (1984) (delay in excess of three months not a clear abuse of discretion); *State v. Frazier, supra* (no inordinate delay where delays ranged from slightly under three months to almost four months).

As there was good cause for the initial postponement and no inordinate delay occurred in rescheduling the case for trial after Parker's second arrest, there was no violation of Md. Rule 4–271.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THE CASE TO THE*

*CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS. COSTS IN THE COURT OF SPECIAL APPEALS AND THIS COURT TO BE PAID BY RESPONDENT.*

RODOWSKY, CHASANOW and RAKER, JJ., concur.

RAKER, Judge, concurring.

I join in Parts I and II of the majority opinion of the Court and in the mandate. I disagree, however, with the approach adopted in Parts III and IV of the opinion where the Court embarks on an analysis, purportedly required under *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979), to determine whether there was inordinate delay requiring dismissal of the case between the good cause postponement and the trial date set by the assignment authority. In my view, the Court, having found good cause for the postponement, should not make an inquiry to determine if there was inordinate delay between the time of the good cause postponement and the trial date set by the assignment authority.

"Inordinate delay" in the context of Rule 4–271 and Article 27, § 591 crept into our case law beginning with *State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984). Today in the majority's opinion, "inordinate delay" becomes an independent basis (apart from failing to set a trial within 180 days without obtaining a continuance for good cause) for imposing the sanction of dismissal of a criminal case. In *Hicks,* we held that the sanction of dismissal was appropriate to enforce the mandatory 120–day period (now 180 days), where a case is not brought to trial within the time period and there is no postponement of the trial date complying with Rule 4–271 and § 591. 285 Md. at 318, 403 A.2d at 360. We should refrain, however, from expanding application of that extreme sanction to a new post-postponement "no inordinate delay" requirement that is not found in either § 591 or Rule 4–271.

The majority relies on *Rosenbach v. State,* 314 Md. 473, 551 A.2d 460 (1989), which relies on *Frazier* for the proposition

that for a postponement.[1] In this context, the length of the post-postponement delay could shed light on the cause of the postponement itself, *i.e.*, whether the cause was chronic or nonchronic congestion. Thus, the two-step look at "good cause" made perfect sense in *Frazier*, where the Court focused on postponements caused by an overcrowded docket. Although it suggested that an inordinately long delay might shift the burden of proof from the defendant to the State, the *Frazier* Court was not actually faced with such a case. *Id.* The Court's concern with the period of delay was inextricably intertwined with the determination of whether the postponement was for good cause.

Defense attorneys rapidly picked up on this language and asserted lack of good cause for the extent of the delay until a new trial date. In *State v. Bonev*, 299 Md. 79, 81, 472 A.2d 476, 477 (1984), and *Carey v. State*, 299 Md. 17, 23, 472 A.2d 444, 447 (1984), the Court summarily rejected the defendants' arguments, holding that there was no showing of an abuse of discretion by the administrative judge (or those acting under the judge's supervision) in setting the new trial dates.

In *Rosenbach*, 314 Md. at 479, 551 A.2d at 463, the defendant did not argue that post-postponement delay was inordinate. Nevertheless, the Court discussed the issue, taking the "inordinate length of time" and "undue delay" language in *Frazier* and combining it with a discussion of the purpose underlying Rule 4–271. The result was a statement that the "policy of the rule" (not the Rule itself) required dismissal if there was inordinate delay until the rescheduled trial after a

---

**1.** In *Frazier*, we addressed the question of whether nonchronic congestion could be good cause for a postponement. We did not reach the question of whether chronic court congestion could ever constitute good cause. We noted, however, that in other states with statutes and rules similar to § 591 and Rule 4–271, "chronic court congestion is ordinarily not regarded as good cause for postponement." 298 Md. at 455, 470 A.2d at 1286. Further, as Judge Davidson pointed out in her dissent in *Frazier*, the Court has held that, in the context of constitutional speedy trial protections, chronic court congestion is inexcusable and is a factor to be weighed against the State. *Id.* at 474, 470 A.2d at 1269 (Davidson, J., dissenting).

good cause postponement that took the trial outside the 180 days. *Id.*

Thus, whereas "inordinate delay" was a component of the "good cause" finding for the postponement in *Frazier,* it was transformed in *Rosenbach* to an independent consideration, subsequent to and independent of a finding of good cause for the postponement. This reasoning is now enshrined in the majority opinion as the law. But neither § 591 nor Rule 4–271 addresses timeliness of a trial date set in the post–180 day period—and we should not do so.

Once the case is properly postponed beyond the 180 days, the dismissal sanction under § 591 and Rule 4–271 should have no relevance. As Judge Eldridge noted, writing for the Court in *Farinholt v. State,* 299 Md. 32, 41, 472 A.2d 452, 456 (1984) (emphasis added):

> Dismissal of a serious criminal case, on grounds unrelated to the defendant's guilt or innocence, is a drastic sanction. As the above-quoted language from *Frazier* indicates, the dismissal sanction for violating § 591 and Rule 746 should only be applied when it is needed, as a prophylactic measure, to further the purpose of trying a circuit court criminal case within 180 days. *Once a postponement beyond the 180–day deadline is ordered in accordance with § 591 and Rule 746 (or upon the defendant's motion or with his express consent), it would not further this purpose to utilize the dismissal sanction for subsequent violations of the statute and rule.* The sanctions for such subsequent violations must be ones of internal judicial administration, relating to circuit court personnel and/or procedures. *See State v. Hicks, supra,* 285 Md. at 335, 403 A.2d at 368. The defendant, of course, remains protected by his federal and state constitutional rights to a speedy trial.

*See also State v. Brookins,* 299 Md. 59, 62, 472 A.2d 465, 467 (1984) (" '[A]fter a case has already been postponed beyond the 180–day period, either in accordance with § 591 and Rule 746, or upon the defendant's motion, or with the defendant's express consent, the dismissal sanction has no relevance to

subsequent postponements of the trial date unless the defendant's constitutional speedy trial right has been denied.' ") (quoting *Farinholt*, 299 Md. at 40, 472 A.2d at 456).

Our cases seem to disagree on what is necessary to further the purpose of Rule 4–271. Under *Rosenbach*, a lengthy delay to the new trial date after a good cause postponement could be the basis for dismissal, but under *Farinholt*, the same delay caused by repeated postponements after the 180 days, even if not for good cause, could not be sanctioned by dismissal. The simplest and fairest solution is to limit our use of the dismissal sanction to violations of the Rule itself, and to look to internal judicial administration procedures to control the dockets.

The defendant in this case failed to appear for his trial, which was set within the 180–day period. There is no evidence in the record that he was unaware of this trial date. The reason for the postponement was his voluntary failure to appear; in my view, this is the equivalent of a motion by the defendant to continue the case. The administrative judge had good cause to order the "critical" continuance. Our inquiry should stop there. Rule 4–271 does not require that we scrutinize the process of rescheduling a trial date after the defendant's re-arrest. I would hold that under these circumstances, the sanction of dismissal has no relevance and any consideration of the length of the delay should be limited to constitutional speedy trial concerns.

Judge RODOWSKY and Judge CHASANOW have authorized me to state that they join in this concurring opinion.